JOURNAL ENTRY AND OPINION
This case is an appeal from the order of Judge Nancy Margaret Russo dismissing appellant Melvin Nunnally's combined administrative appeal, declaratory judgment and tort action against appellees Village of Oakwood (Village), several Village officials and others, arising out of the Village Planning Commission's denial of Nunnally's request for a building permit. He claims the permit denial was a final appealable order and the judge did not lack subject matter jurisdiction. Because we find it is not a final appealable order, we dismiss and remand.
In March 1997, Nunnally purchased a large irregular shaped plot of undeveloped land on the western edge of the Village from Martha Tiburski for $45,000.[1] The bulk of the property is triangular and north of residences contiguous to Buckthorn Road and is connected to Buckthorn Road only by a corridor on its western border, 50 feet wide and about 150 feet long. This property was to be deeded to the Village by the original developer for recreational or municipal uses but the transfer never took place.
The Mayor, appellee Gary Gottschalk, wrote to Nunnally, advised him of the history surrounding his property and that any development would be strenuously opposed if it was inconsistent with the Village Codified Ordinances. On March 10, 1999, Nunnally filed an application for a building permit for a one-story single family dwelling but was advised by the Village Law Director to file the application with the Planning Commission because of the need for numerous variances. On June 7, 1999, after a series of hearings, the Planning Commission denied Nunnally's application for a permit on the grounds that the parcel was intended to remain undeveloped, the land lacked sufficient frontage on Buckthorn Road under Oakwood ordinance, and no variance had been granted to Nunnally.
On July 7, 1999, Nunnally filed and later amended his complaint to assert the following claims:
 1. That the Village, through the Planning Commission and its chairperson, appellee Rand Broadstreet, had wrongfully denied the permit, and that Nunnally was entitled to an injunction and declaratory judgment and, under R.C. 2721, that the Commission is obligated to issue the permit;
 2. That appellees Barry Smith and Willie Williams, who are not further described in the pleadings, had intentionally trespassed upon Nunnally's land;
 3. That appellees Walter and Martha Tiburski had fraudulently misrepresented to Nunnally that the land was suitable for single-family home construction, although they knew, by virtue of their long residence in the community and Mr. Tiburski's past position as a Councilman, that any development of the property was never intended and would be opposed;
 4. That appellee Furman Brown, a neighboring property owner, had fraudulently induced many in the Village to sign blank sheets of paper, and later labeled the papers as a petition in opposition to the development of Nunnally's land.
On January 12, 2000, the Village, the Planning Commission, Gottschalk and Broadstreet (as public officials), moved to dismiss that part of Nunnally's claims which could be construed as the administrative appeal aspects of his case because Nunnally had failed to exhaust his administrative remedies.[2] While the motion was initially denied, on July 26, 2000, sua sponte, the judge entered the following order:
 THE COURT FINDS THAT THE 6/7/00[3] DECISION OF THE OAKWOOD PLANNING COMMISSION WAS NOT A FINAL ORDER, ADJUDICATION OR DECISION, AND THEREFORE THIS COURT DOES NOT HAVE JURISDICTION TO PROCEED. COSTS TO APPELLANT. FINAL.
VOL. 2488, PG. 728. NOTICE ISSUED.[4]
Nunnally moved both for reconsideration and for findings of fact and conclusions of law and was denied both. He filed his notice of appeal to this court and the Village appellees moved to dismiss this appeal for lack of jurisdiction, asserting that the final appealable order from which Nunnally should have appealed was the July 26, 2000 entry and that he failed to file a notice of appeal by August 26, 2000 to comply with App.R. 4(A).[5] Nunnally countered that because he had requested findings of fact and conclusions of law under Civ.R. 52, and because that motion was not ruled on until September 12, 2000, his notice of appeal was timely under App.R. 4(B)(2).[6]
This court granted the motion to dismiss but subsequently granted Nunnally's motion for reconsideration of the issue and referred the motion to the merit panel assigned to the case.
We decline to address the merits of this appeal and deny the Village appellees' motion to dismiss because, while the judge's July 26, 2000 order dismissing Nunnally's administrative appeal purports to finally dispose of this case, none of Nunnally's tort claims against the Tiburskis, Smith, Williams or Brown, or the claims against Gottschalk and Broadstreet, in their personal capacities, have been decided below.
Courts of appeals shall have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district * * *.[7] An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it * * * affects a substantial right in an action that in effect determines the action and prevents a judgment * * *.[8] If an order is not final and appealable, then the appellate court does not possess jurisdiction to review the matter, and the appellate court must dismiss it sua sponte.[9]
Civ.R. 54(B) provides in pertinent part:
 When more than one claim for relief is presented in an action * * * or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of such determination, any order * * * which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order * * * is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.
The purposes of Civ.R. 54(B) are "`* * * to make a reasonable accommodation of the policy against piecemeal appeals with the possible injustice sometimes created by the delay of appeals' * * * as well as to insure that parties to such actions may know when an order or decree has become final for purposes of appeal * * *.'[10] Rule 54(B) makes mandatory the use of the language, "there is no just reason for delay." Unless those words appear where multiple claims and/or multiple parties exist, the order is subject to modification and it cannot be either final or appealable.[11]
In the case sub judice, no reasonable reading of the July 26, 2000 journal entry can constitute a determination of any of the trespass, fraudulent representation, or other claims made by Nunnally which do not relate to the administrative appeal aspects of his Second Amended Complaint. The only motion filed in this case which called for a dismissal was directed only to the administrative appeal portion of Nunnally's Complaint.[12]
Because neither the legal nor factual merits of the non-administrative aspects of this case have been determined, and because the July 26, 2000 order did not indicate that there was no just reason for delay, it is not a final appealable order, and this court has no jurisdiction to entertain this appeal.
Appeal dismissed and this case is remanded.
It is ordered that the parties shall share equally the costs herein taxed.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES J. SWEENEY, J., and TERRENCE O'DONNELL, J., CONCUR
[1] In 1994 Mrs. Tiburski purchased the property through a Sheriff's sale for $4,400.
[2] Rather than appeal the Planning Commission's decision to the Oakwood Board of Zoning Appeals, as provided by Village of Oakwood Ord. 1143.03(a), Nunnally filed the case sub judice.
[3] This date was later changed, via nunc pro tunc entry, to reflect the decision of the Planning Commission denying the permit was on June 7, 1999.
[4] The half-sheet form signed by the judge, and the post-card notice sent to the parties advising them of the order, indicate that this order is a final order dismissing the case with prejudice.
[5] A party shall file the notice of appeal required by App.R. 3 within thirty days of the later of the entry of the judgment or order appealed or, in a civil case, service of the notice of judgment and its entry if service is not made on the party within the three day period in Rule 58(B) of the Ohio Rules of Civil Procedure.
[6] In a civil case * * * if a party files a timely motion for * * * findings of fact and conclusions of law under Civ.R. 52, the time for filing a notice of appeal begins to run as to all parties when the order disposing of the motion is entered.
[7] Section 3(B)(2), Article IV, Constitution.
[8] R.C. 2505.02(B).
[9] Honess v. Ghali (Mar. 22, 2001), Cuyahoga County App. Nos. 76802 and 77623, unreported.
[10] Chef Italiano Corp. v. Kent State Univ. (1989), 44 Ohio St.3d 86,88, 541 N.E.2d 64, 67.
[11] Nationsbanc Mort. Corp. v. Davet (Oct. 19, 2000), Cuyahoga County App. No. 77155, unreported, citing Noble v. Colwell (1989),44 Ohio St.3d 96, 540 N.E.2d 1381.
[12] See Motion Docket Item #43, Defendants' January 12, 2000 Motion to Dismiss Plaintiff-Appellee's Administrative Appeal, denied by the judge on February 8, 2000.